IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT ARTHUR GARDNER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2562-P-BD |
| | § | |
| RICK THALER, Director | § | (Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3-11-CV-2572-P-BD) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Scott Arthur Gardner, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be

denied.

I.

Petitioner was charged in separate indictments with the aggravated sexual assault of his two

daughters, both of whom were under 14 years of age.   After consulting with defense counsel,

petitioner elected to plead guilty to both charges and ask the jury for probation.[1]   However, the jury

declined to recommend probation and sentenced petitioner to 12 years confinement in each case.

His convictions and sentences were affirmed on direct appeal.   *Gardner v. State*, Nos.

05-04-00587-CR & 05-04-00588-CR, 2005 WL 1654590 (Tex. App. -- Dallas, Jul. 15, 2005, no

pet.).   Petitioner also challenged his convictions in separate applications for state post-conviction

---

[1] Under Texas law, only a jury can recommend probation upon conviction for aggravated sexual assault of a child.
*See* TEX. CODE CRIM. PROC. ANN. Art. 42.12, § 4 (Vernon 2004).

relief. Both applications were denied. *Ex parte Gardner*, Nos. WR-75,825-01 & WR-75,825-02, 2011 WL 4485421 (Tex. Crim. App. Sept. 28, 2011). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) the prosecutor withheld exculpatory evidence; and (4) newly discovered evidence establishes that he is guilty only of the lesser-included offense of indecency with a child.

A.

Petitioner contends that his guilty plea was involuntary because he did not know at the time that the victims had partially recanted their allegations.[2]

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See*

---

[2] As part of his answer, respondent argues that this claim is unexhausted and procedurally barred from federal habeas review. (*See* Resp. Ans. at 8-12). However, "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

*United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three

core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of

the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v.*

*Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993), *citing United States v. Dayton*, 604 F.2d 931 (5th Cir.

1979), *cert. denied*, 100 S.Ct. 1080 (1980).   These core concerns are addressed by the

admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No.

3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[3]

2.

Petitioner was charged with sexually assaulting his then 12 year-old daughter by penetration

of the female sexual organ, and sexually assaulting his then 11 year-old daughter by contact and

penetration of the anus. *See Ex parte Gardner*, WR-75,825-01, Tr. at 159 & WR-75,825-02, Tr. at

184. Rather than challenge the evidence against him, including his own written confession admitting

to one of the assaults, petitioner decided to plead guilty to both charges and ask the jury for

probation. Before accepting his plea, the trial judge informed petitioner that the range of punishment

for each offense was not less than five years nor more than 99 years or life imprisonment and a

$10,000 fine. (SF-II at 3). The judge also advised petitioner of his right to plead not guilty and

require the state to prove the elements of each offense beyond a reasonable doubt. (*Id.*). Petitioner

said that he understood those rights, but wanted to plead guilty. (*Id.* at 2-3). After a jury was

empaneled, petitioner pled guilty in open court. (*Id.* at 98-99). When asked why he pled guilty,

petitioner stated, "Because I'm guilty. I abused my kids, molested them." (*See* SF-V at 53). This

---

[3] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. Because the requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar, *compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13, it follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Davis*, 2009 WL 1058059 at *2 n.1.

sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding.

*See Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002).

On state collateral review, petitioner argued that his plea was involuntary because he was unaware at the time that both victims had recanted or modified some of their earlier allegations. In rejecting this argument, the state habeas court found:

> Applicant chose to enter a plead [*sic*] of guilty before the jury in an effort to receive probation, that he did so after being fully advised as to the possible consequences of his plea, and that his decision to do so was knowing and voluntary. This Court finds that Applicant made it clear to his counsel that he did not want to be seen as calling his children liars and that this was a motivating factor is [*sic*] his decision to plead guilty to the offense as charged.

*Ex Parte Gardner*, WR-75,825-01, Tr. at 95, ¶¶ 62-63 & WR-75,825-02, Tr. at 97, ¶¶ 62-63. That determination is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner does not come close to meeting this heavy burden. Nowhere does petitioner allege, much less prove, that he pled guilty without a full understanding of the nature of the charges and a realistic appreciation of the consequences of his plea. Rather, petitioner argues that he would not have pled guilty to aggravated sexual assault had he known that his daughters recanted or modified some of their accusations. Even if petitioner was unaware of these developments, it does not invalidate his guilty plea. *See Matthew v. Johnson*, 201 F.3d 353, 368-69 (5th Cir.), *cert. denied,* 121 S.Ct. 291 (2000), *citing McMann v. Richardson,* 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970) (decision whether to plead guilty or go to trial is often made on the basis of incomplete and inaccurate information). This ground for relief should be overruled.

B.

In a related ground, petitioner contends that he received ineffective assistance of counsel because his lawyers failed to interview the victims before advising him to plead guilty. Had the victims been interviewed by counsel, petitioner argues that he would have learned that they partially recanted or modified their accusations, thereby rendering his guilty plea involuntary.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v.*

*Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*,

529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an

"unreasonable application" of clearly established federal law if "the state court identifies the correct

governing legal principle from [the] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d

551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct

and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-

2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 425 Fed.Appx. 298,

2011 WL 1812764 (5th Cir. May 12, 2011), *cert. denied,* 132 S.Ct. 1095 (2012). This presumption

applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which

are necessary to the state court's conclusions of mixed law and fact." *Id.*, *quoting Valdez v. Cockrell*,

274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v.*

*Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state

court's decision resulted from an unreasonable legal or factual conclusion does not require that there

be an opinion from the state court explaining the state court's reasoning.").

2.

Petitioner was represented at trial by Douglas Skemp and Lynne Corsi. At an evidentiary

hearing on petitioner's state writ, both Skemp and Corsi explained that they made a tactical decision

not to personally interview the victims or their mother, Sherry Gardner, to avoid any suggestion of

trying to manipulate their testimony. (*See* SF-Writ. Hrg. at 175-76, 205-06). Instead, counsel hired

two experienced child abuse therapists, Gail Inman and Peggy Nash, to conduct those interviews.

Inman and Nash allowed defense counsel to suggest interview questions and provided counsel with

notes from therapy sessions. (*Id.* at 176-79, 207-10). Based on information obtained during the interviews, defense counsel knew that the victims had recanted or modified some of their earlier accusations.[4] Skemp and Corsi shared that information with petitioner prior to his guilty plea. (*Id.* at 182, 189-90, 209-12). Despite knowing that one of the victims had recanted her allegation of penetration, counsel recommended to petitioner that he enter an open plea of guilty in order to seek a probated sentence, rather than contest penetration in hopes of being found guilty of a lesser-included offense. That recommendation was based on the results of a focus group study performed by Jan DeLipsey, a jury consultant, who found that 70 percent of the group would believe the initial outcry of a hypothetical sexual assault victim who later recants a claim of penetration. (*Id.* at 159-63). After considering the testimony of Skemp and Corsi, the state habeas court found:

> [D]efense counsel had access to the complainant[s] through [their] sessions with Gail Inman and Peggy Nash and was aware of any changes in [their] recollection of the sexual abuse as a result. This Court finds that counsel was aware that Mrs. Gardner had changed her opinion regarding Applicant over the course of the two years between the initial outcry and trial and counsel was sensitive to any actions that might create an inference that counsel was attempting to influence the testimony of Mrs. Gardner or either of the complainants in favor of the defense. This Court finds that counsel's decision not to personally interview the complainant[s] was made after discussion between Mr. Skemp, Ms. Corsi, Dr. DeLipsey, and Applicant. This Court finds that the counsel made the decision not to interview the complainant[s] personally after a great deal of consideration and discussion of the facts at issue. This Court finds that counsel's decision not to personally interview the complainant[s] was reasonable trial strategy under the facts of this case.

*Ex parte Gardner*, WR-75,825-01, Tr. at 96-97, ¶¶ 72-76 & WR-75,825-02, Tr. at 98-99, ¶¶ 73-77.

The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that

---

[4] One victim told the interviewers that sexual contact occurred fewer times than she originally claimed, (*see* SF-Writ Hrg. at 177, 210), while the other victim recanted her statement that penetration had occurred. (*See id.* at 176-77, 182, 211).

investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1417 (2004). A conscious and informed decision on trial tactics cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753, *quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002). As authority for the proposition that defense counsel must personally interview witnesses and cannot delegate that task to an investigator, petitioner relies on two Texas cases -- *Flores v. State*, 576 S.W.2d 632 (Tex. Crim. App. 1978), and *Butler v. State,* 716 S.W.2d 48 (Tex. Crim. App. 1986). In *Flores*, defense counsel conducted no factual investigation, spoke to no witnesses, and was unable to contact his investigator to learn about the facts of the case. *See Flores*, 576 S.W.2d at 633-34. The *Flores* court did not hold that trial counsel must personally interview witnesses in order to investigate the facts. *See, e.g. Cano v. State,* No. 14-06-00377-CR, 2007 WL 2872418 at *5 (Tex. App. -- Houston [14th Dist.], Oct. 4, 2007, pet. ref'd) (holding that counsel is not required to personally investigate the facts of a case and may delegate the investigation to an investigator); *Thomas v. State*, No. 05-91-00267-CR, 1993 WL 609 at *5 (Tex. App. -- Dallas, Jan. 5, 1993, pet ref'd) (same). Similarly, in *Butler*, the court held only that "the duty to investigate the facts may not be sloughed off to an associate. If counsel does so he must be held constructively aware of the information his associate learns." *Butler*, 716 S.W.2d at 55.

Here, petitioner has not shown that the strategy employed by defense counsel was in any way deficient. To the contrary, the decision to have the victims interviewed by two experienced child abuse therapists was manifestly reasonable. Based on the results of those interviews and a focus group study performed by a jury consultant, which results were shared with petitioner before his guilty plea, counsel determined that the best course of action was for petitioner to enter an open plea

of guilty and ask the jury for probation. Petitioner had full knowledge of all relevant facts in making that decision. There simply is no basis for concluding that petitioner received ineffective assistance of counsel.

## C.

Petitioner also accuses the prosecutor of withholding notes of an interview with one of the victims wherein she denied having been digitally penetrated. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). This includes claims involving the failure to disclose exculpatory evidence. *See Matthew*, 201 F.3d at 366-70. Even if this claim is not waived, the state habeas court found that the interview notes at issue did not reflect that the victim had recanted or denied being digitally penetrated. *See Ex parte Gardner*, WR-75,825-01, Tr. at 103, ¶¶ 101-03 & WR-75,825-02, Tr. at 105-06, ¶¶ 105-07. This ground for relief should be overruled.

## D.

Finally, petitioner contends that newly discovered evidence establishes that he is guilty only of the lesser-included offense of indecency with a child. This argument is akin to a claim of actual innocence which, absent evidence of an independent constitutional violation, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). No such evidence exists here.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 10, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE