IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT ARTHUR GARDNER, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:11-CV-2562-P |
| RICK THALER, Director | § § | (Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3:11-CV-2572-P) |
| Correctional Institutions Division, | § § | |
| Respondent. | § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. An objection was filed by petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions and recommendation for plain error.

Petitioner first objects to the Magistrate Judge's finding that Petitioner failed to rebut the state habeas court's determination that his guilty plea was knowing and voluntary. *See* Dkt. No. 15 at 3-4. Petitioner claims that, under Texas case law, a guilty plea is rendered involuntary by "a defendant's lack of knowledge that a complainant would recant her inculpatory testimony or statements[.]" *See* Dkt. No.16 at 2. Whether or not *Ex parte Zapata*, 235 S.W.3d 794 (Tex. Crim. App. 2007) was wrongly applied by the state habeas court, Petitioner has failed to establish that he is

entitled to federal habeas relief. That is, Petitioner has not established that the state court's decision was contrary to or involved an unreasonable application of clearly established *federal* law, nor that the state court's conclusion that the plea was knowing and voluntary was "an unreasonable determination of the facts in light of the evidence presented[.]" 28 U.S.C. §§ 2254(d)(1) & (2).

Petitioner next claims that the Magistrate Judge erred in denying his claim of ineffective assistance of counsel due to his attorneys' failure to personally interview the victims or their mother. *See* Dkt. No. 15 at 4-5. However, Petitioner has failed to rebut the state habeas court's findings that counsel hired two experienced child abuse therapists to conduct those interviews under their direction, and that counsels' decision not to personally interview the witnesses was "reasonable trial strategy under the facts of this case." Although Petitioner points to two Texas cases to stand for the proposition that an attorney may not delegate the duty to investigate to another individual, he points to no "clearly established Federal law" that was misapplied. To the contrary, the Court is unaware of any precedent for the proposition that counsel is ineffective for failing to *personally* interview prospective witnesses. *See, e.g., Downs v. Quarterman*, No. 7:05-CV-82-R, 2007 WL 2325575 at *5 (N.D. Tex. Aug. 14, 2007) (denying ineffective assistance of counsel claim where counsel failed to personally interview co-defendant and instead relied upon information from an investigator) (citing *Williams v. Beto,* 354 F.2d 698, 703 (5th Cir. 1965)). In fact, the two Texas cases cited by Petitioner, *Flores v. State*, 576 S.W.2d 632, 634 (Tex. Crim. App. 1978) and *Butler v.*

*State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986), do not stand for the proposition that a defense attorney must personally interview witnesses and may not delegate such task to an investigator. In *Flores*, the defense attorney conducted no factual investigation, spoke to no witnesses, and was wholly unable to contact the court-appointed investigator to learn about the facts of the case. *Flores*, 576 S.W.2d at 634. "The [Flores] court did not hold that trial counsel must personally interview witnesses in order to investigate the facts." *Thomas v. State*, No. 05-91-00267-CR, 1993 WL 609 at *5 (Tex. App. – Dallas, Jan. 5, 1993, pet ref'd); *see also Cano v. State*, No. 14-06-00377-CR, 2007 WL 2872418 at *5 (Tex. App.– Houston [14 Dist.] Oct. 4, 2007, pet. ref'd) ("counsel is not required to investigate the facts of the case personally and may delegate the investigation to an investigator.").

Petitioner's next objection, that the Magistrate Judge incorrectly determined his *Brady* claim is foreclosed. As Petitioner implicitly recognizes, a voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding, including claims involving the failure to disclose exculpatory evidence. *Matthew v. Johnson*, 201 F.3d 353, 369-70 (5th Cir. 2000). Although Petitioner urges that this "is not the universal rule in federal courts," *see* Dkt. No. 16 at 6, it is decidedly the rule in the Fifth Circuit and the one that this Court is bound to apply.

Finally, Petitioner faults the Magistrate Judge for failing to consider the merits of his claim of actual innocence. *See* Dkt. No. 16 at 7. Again, however, Petitioner concedes that such claim is not cognizable absent evidence of an independent

constitutional violation. *See Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins,* 506 U.S. 390, 400 (1993)). That Petitioner believes that his claim "should be considered[,]" does not satisfy his burden to prove error under 28 U.S.C. § 2254(d).

Accordingly, Petitioner's objections are OVERRULED and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

    (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order

In the event the petitioner will file a notice of appeal, the court notes that

( ) the petitioner will proceed *in forma pauperis* on appeal.

( X ) the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 20th day of February, 2013.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.